UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LEON D. FUSSELL,<br>Petitioner | CIVIL ACTION NO. 1:20-CV-0997-P |
| VERSUS | JUDGE DRELL |
| DARREL VANNOY,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Leon D. Fussell ("Fussell") (#99057). Fussell is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Fussell challenges his sentences imposed in the Twenty-Eighth Judicial District Court, LaSalle Parish.

Because denial of relief by the state courts was not contrary to or an unreasonable application of Supreme Court law, Fussell is not entitled to federal habeas corpus relief and his Petition (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Fussell was convicted of aggravated rape, in violation of La. R.S. 14:42, and 19 counts of intentional possession of pornography involving juveniles, in violation of La. R.S. 14:81.1(A)(3). *State v. Fussell*, 2006-2595 (La. 1/16/08, 1–2); 974 So.2d 1223, 1225. Fussell was sentenced to life imprisonment at hard labor without the benefit

of parole, probation, or suspension of sentence for the aggravated rape conviction; 10 years at hard labor without the benefit of parole, probation, or suspension of sentence for count 16 of the pornography charges; and two years at hard labor for each of counts four through 15 and 17 through 19 of the pornography charges. All of these sentences were to run consecutively. Additionally, the trial court ordered Fussell to pay restitution for any medical counseling and health expenses that the rape victim and her family might incur. *Id.* at 1225.

Fussell appealed his convictions and sentences. The Louisiana Third Circuit Court of Appeal affirmed the aggravated rape conviction. However the appellate court reduced Fussell's multiple possession of pornography convictions to a single conviction. *Id.* at 1225-26. The court also found one error patent in the trial court's order for "restitution without specifying the amount of restitution and without specifying on which count or counts the restitution was being imposed." *Id.* at 1225-26 (citing *State v. Fussell*, 06–324 (La.App. 3 Cir. 9/27/06), 941 So.2d 109, 139).

Because the Third Circuit Court of Appeal reduced Fussell's multiple possession of pornography convictions to a single conviction and found that the trial court's restitution order lacked the requisite specificity, the court of appeal ordered that the case be remanded to the trial court for resentencing with an instruction "to specify the amount of restitution imposed as well as on which count or counts the restitution is imposed." *Id.*

The State of Louisiana filed a writ application in the Louisiana Supreme Court asserting that the Third Circuit erred in concluding that Fussell could not be charged

2

with a separate count for each pornographic image. *See id.* at 1226-27. The Louisiana Supreme Court ruled that, since Fussell possessed at least 16 photographs of a different child in a different sexual performance, the Third Circuit Court of Appeal improperly reduced the 16 convictions of intentional possession of pornography involving juveniles to a single conviction. The Louisiana Supreme Court reversed the reduction and reinstated the 16 convictions. *Id.* at 1238. However, the Louisiana Supreme Court agreed with the Third Circuit Court of Appeal that, due to a nonspecific restitution order, the sentences imposed by the trial court were indeterminate and, thus, invalid. *Fussell*, 974 So.2d at 1238 (citing La.C.Cr.P. arts. 879, 883.2.13. Thus, on January 16 2008, the case was remanded for resentencing on all counts. *Id.*

On November 9, 2018, ten years after remand, Fussell filed a habeas petition in the trial court seeking his release from custody because he had never been resentenced in accordance with the Supreme Court's ruling. ECF No. 1-3 at 4-10. The State responded with a Motion for Sentencing. ECF No. 1-3 at 14.

On January 8, 2019, the trial court conducted a hearing on the motions. ECF No. 1-3 at 13-31. The trial court noted that the convictions of aggravated rape, with a mandatory life sentence, and possession of pornography had been affirmed. ECF No. 1-3 at 15. Because the aggravated rape conviction requires a mandatory life sentence, the trial court found no prejudice in the delay in resentencing and denied the habeas petition. ECF No. 1-3 at 29-30. The court resentenced Fussell to life

3

imprisonment on the aggravated rape charge, 10 years on count 16, and 2 years each on counts 4-16 and 17-19, all to be served consecutively. ECF No. 1-3 at 43-44.

Fussell filed a writ application in the Louisiana Third Circuit Court of Appeal, which was denied because Fussell failed to demonstrate that he was prejudiced by the delay in resentencing. ECF No. 1-3 at 2; *State v. Fussell*, No. KH 19-00146 (La. App. 3 Cir. 6/5/19) (citing *State v. Girod*, 04-854 (La. App. 5 Cir. 12/23/04), 892 So.2d 646, *writ denied*, 05-597 (La. 6/3/05), 903 So.2d 455; *State v. Howard*, 00-2700 (La. App. 4 Cir. 1/23/02), 805 So.2d 1247, *writ denied*, 02-648 (La. 9/13/02), 824 So.2d 1187; *State v. Hicks*, 45,001 (La. App. 2 Cir. 1/27/10), 30 So.3d 1081, *writ denied*, 10-459 (La. 9/24/10), 45 So.3d 1071). The Louisiana Supreme Court also denied writs. *State v. Fussell*, 2019-01313 (La. 7/17/20); 298 So.3d 170.

## II. Law and Analysis

### A. Standard of Review

An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply de novo review of factual findings and substitute its own opinions for the determinations made by the trial judge. *See Davis v. Ayala*, 576 U.S. 257 (2015) (citing *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)).

Under § 2254 and the AEDPA, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See Martin v. Cain*, 246 F.3d 471, 475-76 (5th Cir. 2001), *cert. denied*, 534 U.S. 885 (2001).

Therefore, § 2254(d) demands an initial inquiry into whether a prisoner's claim has been "adjudicated on the merits" in state court; if it has, the AEDPA's highly deferential standards apply. *See Davis*, 576 U.S. at 268 (citing *Richter,* 562 U.S. at 103).

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts. *See Martin*, 246 F.3d at 476; *see also Rivera v. Quarterman*, 505 F.3d 349, 356 (5th Cir. 2007), *cert. den.*, 555 U.S. 827 (2008).

A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was

objectively reasonable. A federal court cannot grant habeas relief simply by concluding that the state court decision applied clearly established federal law erroneously; the court must conclude that such application was also unreasonable. *See Martin*, 246 F.3d at 476. An unreasonable application is different from an incorrect one. *See Bell v. Cone*, 535 U.S. 685, 694 (2002). When a state court determines that a constitutional violation is harmless, a federal court may not award habeas relief under § 2254 unless the harmlessness determination itself was unreasonable. *See Mitchell v. Esparza*, 540 U.S. 12, 18 (2003); *see also Davis*, 576 U.S. at 269 (citing *Fry v. Pliler*, 551 U.S. 112, 119 (2007)).

    B.    <u>There was no unreasonable application of federal law as to Fussell's claims.</u>

Fussell argues that he was denied due process and equal protection of law because there was a 12-year delay in his resentencing. ECF No. 1 at 5. His claim was presented to the Louisiana courts and adjudicated on the merits.

However, Fussell has not identified any Supreme Court precedent or other federal authority that would give rise to a constitutional violation. First, the Constitution does not guarantee a right to speedy sentencing. *See Betterman v. Montana*, 136 S.Ct. 1609 (2016) (speedy trial right does not extend beyond conviction). And, while the Supreme Court recognized in dicta that a defendant may have a due process claim for "inordinate delay[s] in sentencing," *Betterman*, 136 S.Ct. at 1612, Fussell cannot show that the state courts' denial of relief in his case violated clearly established federal law. *See Richardson v. Deville*, CV 17-10194, 2018 WL 8139341, at *14 (E.D. La. June 28, 2018); *Neathery v. Rader*, 13-CV-658, 2016 WL

6

8313923, at *6 (M.D. La. Dec. 30, 2016) (finding no Supreme Court precedent specifically holding that the Constitution guarantees a right to speedy sentencing), *report and recommendation adopted*, 2017 WL 722589 (M.D. La. Feb. 23, 2017); *Johnson v. Lester*, 17–CV-90, 2018 WL 934605, at *1 (D. Mont. Feb. 16, 2018) ("No due process claim for unreasonable sentencing delay clearly exists under federal law at this time.") (citing *Betterman*, 136 S.Ct. at 1612); *Stevens v. McTighe*, 18-CV-01, 2018 WL 747846 (D. Mont. Feb. 7, 2018) (same); *Kelledy v. Lester*, No. 17-CV-87, 2018 WL 1143179, at *2 (D. Mont. Jan. 10, 2018) ("at this point in time there is no clearly recognized federal due process claim for unreasonable sentencing delay"), *report and recommendation adopted*, 2018 WL 1142357 (D. Mont. Mar. 1, 2018).

When there is no Supreme Court precedent to control a legal issue raised by a habeas petitioner, the state court's decision cannot be contrary to, or an unreasonable application of, clearly established federal law, and no federal habeas relief is warranted. *See Woods v. Donald*, 576 U.S. 312, 317-318 (2015) ("Because none of our cases confront 'the specific question presented by this case,' the state court's decision could not be "contrary to" any holding from this Court.") (citing *Lopez v. Smith*, 574 U.S. 1 (2014) (*per curiam*)); *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quotation omitted) ("Because our cases give no clear answer to the question presented, let alone one in Van Patten's favor, it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law."); *Pierre v. Vannoy*, 891 F.3d 224, 228 (5th Cir. 2018) ("Without a Supreme Court case holding that the State's unknowing use of false testimony violates the Due Process Clause, Pierre cannot show that the

Louisiana Supreme Court unreasonably applied clearly established federal law as determined by the Supreme Court of the United States."); *Higginbotham v. Louisiana*, 817 F.3d 217 (5th Cir. 2016) (no violation of clearly established law where "the Supreme Court does not appear to have addressed this issue or a 'materially indistinguishable' set of facts"), *cert. denied*, 137 S.Ct. 506 (2016) (citation omitted); *Gomez v. Thaler*, 526 F. App'x 355, 359-60 (5th Cir. 2013)).

Therefore, since there is no clearly recognized federal due process claim for unreasonable sentencing delay, the denial of relief by the state courts was not contrary to or an unreasonable application of Supreme Court law. Fussell is not entitled to federal habeas corpus relief.

### III. Conclusion

Because Fussell cannot show he is in custody in violation of the Constitution, laws, or treaties of the United States, or that the state courts' decisions were contrary to or involved an unreasonable application of clearly established federal law or were based on an unreasonable determination of the facts in light of the evidence presented, IT IS RECOMMENDED that the Petition (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply

briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Thursday, September 24, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE